SARAH E. JOHNSON ET AL. v. BRIDGET G. STANCELLE ET AL.

[48 South. 619.]

WILLS. *Insanity apparent from the instrument. Suicide. Supreme court practice.*

Where an alleged will, drawn in contemplation of suicide, contains matters irreconcilable with all theories of sanity and was manifestly the product of a mind wholly devoid of testamentary capacity, it should be adjudged void, and the supreme court will reverse a decree probating such an instrument.

FROM the chancery court of Hancock county.

HON. THADDEUS A. WOOD, Chancellor.

Mrs. Johnson and others, appellants, were complainants in the court below; Mrs. Stancelle and others, appellees, were defendant there. From a decree probating a will the complainants, the widow and children of the alleged testator, appealed to the supreme court.

In view of the opinion of the court it is deemed improper to state the contents of the alleged will and unnecessary to make a statement of the facts of the case.

*McDonald & Marshall* and *Longino & McDowell,* for appellants.

*E. J. Gex* and *Flowers & Whitfield,* for appellees.

Argued orally by *J. R. McDowell,* for appellants, and *A. H. Whitfield, Jr.,* for appellees.

FLETCHER, J., delivered the opinion of the court.

An examination of the will attempted to be executed by Johnson, alias Jacobs, convinces us that it was the product of a mind so completely shattered that testamentary capacity was wholly lacking. The document was evidently drawn in contemplation of immediate suicide, and the unprintable nonsense it contains cannot be reconciled with the theory of sanity. We deem it un-

necessary to review the evidence. The eccentricities shown to have marked Johnson's earlier life may be consistent with testamentary capacity; but it is our view that at the time the alleged will was written these eccentricities had developed into general insanity. Reluctant as we are to disturb the chancellor's finding on the facts, we cannot sanction a disposition of property resting on such a document.

The case is reversed and remanded, with directions to the chancery court to enter a decree setting aside the probate of the will.          *Reversed.*